# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **SIDNEY WEISS, JR., ET AL.** | § | **PLAINTIFFS** |
| | § | |
| v. | § | **CAUSE NO. 1:07cv1087 LG-JMR** |
| | § | |
| **GRANITE CONSTRUCTION CO.; ARCHER-WESTERN CONTRACTORS, LTD; GRANITE-ARCHER WESTERN; THE WALSH GROUP; WALSH CONSTRUCTION; and FICTITIOUS DEFENDANTS ABC, DEF, GHI, JKL, MNO, PQR, STU, VWX AND YZ** | § | **DEFENDANTS** |
| | § | |
| **WALSH CONSTRUCTION; GRANITE CONSTRUCTION CO,; ARCHER-WESTERN CONTRACTORS, LTD; GRANITE-ARCHER GROUP; and THE WALSH GROUP** | § | **THIRD PARTY PLAINTIFFS** |
| | § | |
| v. | § | |
| | § | |
| **D.T. READ STEEL COMPANY, INC.** | § | **THIRD PARTY DEFENDANT** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [83] filed by Defendants Granite Construction Company, Archer-Western Contractors, Ltd. and Granite-Archer Western, a Joint Venture ("Granite"). The Plaintiffs filed a response in opposition, and Granite filed a reply. After due consideration, the Court finds no question of material fact for the jury in regard to the Jones Act and state law tort claims. Further, the Court lacks subject matter jurisdiction of Plaintiffs' Longshore and Harbor Workers' Compensation Act claim.

## DISCUSSION

Archer-Western Contractors, Ltd. and Granite Construction Company, together as Granite-Archer Western, a Joint Venture, entered into a contract with the Mississippi Transportation

Commission to reconstruct the Highway 90 Bay St. Louis bridge after it was destroyed by Hurricane Katrina. The Joint Venture in turn subcontracted with D.T. Read Steel Company, a Virginia corporation in the business of installing reinforcing steel. Plaintiff Sidney Weiss, a Virginia resident, was an employee of D.T. Read. Weiss was injured while working on the Bay St. Louis bridge on January 5, 2007, and D.T. Read paid him workers' compensation benefits.[1]

Sidney Weiss and his wife Jody Weiss brought this suit alleging that his injury was due to negligence on the part of the Defendants. He alleges that he is covered under the Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq*. or, alternatively, may bring suit under the Jones Act, 46 U.S.C. § 688. Compl. 1-2. Jody Weiss brings a loss of consortium claim.

Granite moves for summary judgment, asserting that Sidney Weiss is not a Jones Act seaman and his claims do not fall within the LHWCA. Granite also argues they are entitled to assert the general contractors defense in regard to the state law tort claims. This is the Court's first opportunity to examine the question of whether the LHWCA, Jones Act, or general maritime law apply under the circumstances of Weiss's injury.

The Jones Act:

To determine if an individual worker is a seaman, and therefore entitled to the protections of the Jones Act, the Supreme Court has established a two-prong test. First, "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995). Second, "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of

---

[1] Granite contends Weiss was paid workers' compensation benefits under the Virginia statute, but the summary judgment evidence does not establish this fact. *See* Ct. R. 83-3.

both duration and nature." *Id.*

Although determination of whether an injured worker is a seaman under the Jones Act is a mixed question of law and fact and it is usually inappropriate to take the question from the jury, judgment as a matter of law is mandated where the facts and the law will reasonably support only one conclusion. *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387 (5th Cir. 2003).

The evidence shows that on the morning of his injury, Weiss was "prefabbing some caps on shore, and then they called us out for some diaphragms." Ct. R. 90-2 p. 12. Weiss rode out on a Granite crew boat to the work area. The work area was a series of barges tied together in the water next to the bridge to create a platform for a crane operated by Granite personnel. Ct. R. 83-2 p. 14-15. Weiss's function was to refer to a set of blueprints for the size of rebar needed, and his co-worker would "find them and send it up with the crane." *Id.* at 16. Weiss was injured when he was struck by some pieces of rebar that fell out of the crane "flying" them from the work area to the bridge.

Based on this evidence, Weiss cannot satisfy either prong of the seaman test. The first element is not satisfied because Weiss's work did not contribute to the function of a vessel or to the accomplishment of its mission. Instead, his work was unrelated to any vessel. He was on the barge because the reinforcing steel structure being constructed that day had to be built in place on the bridge rather than prefabricated on shore. Ct. R. 83-2 p. 12. He had no duties or responsibilities in regard to the barge. The second element is not satisfied because "[t]he Fifth Circuit has routinely held, as a matter of law, that neither a single construction barge nor several barges strapped together to form a floating construction platform constitute 'vessels' under the Jones Act." *Ellender v. Kiva Const. & Eng'g, Inc*. 909 F.2d 803, 806 (5th Cir. 1990). The

evidence establishes that the "work area" was just such a floating construction platform. Accordingly, Weiss cannot show the necessary elements of a Jones Act claim; he was not a seaman, and the barge was not a vessel. Granite is entitled to judgment as a matter of law in regard to Plaintiffs' Jones Act claim.

The Longshore and Harbor Workers Compensation Act:

The LHWCA provides a cause of action for injuries sustained by a broad range of land-based maritime workers, excluding seamen covered by the Jones Act. *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387 (5th Cir. 2002). In addition to a no-fault worker's compensation scheme, the LHWCA allows suit against nonvessel third parties under general maritime law tort principles. *Id.*; *Ward v. Norfolk Shipbuilding & Drydock Corp.*, 770 F. Supp. 1118, 1121-22 (E.D. Va. 1991); 33 U.S.C. § 905(b). The Fifth Circuit has stated "in no uncertain terms its requirement that maritime jurisdiction be satisfied in addition to establishing a [LHWCA] § 905(b) claim." *Holifield v. Great Lakes Dredge & Dock Co.*, 1994 WL 99539, *2 (E.D. La. Mar. 18, 1994) (citing *Gaspard v. Amerada Hess*, 13 F.3d 165 (5th Cir. 1994)). Establishing maritime jurisdiction requires demonstration that (1) the wrong producing the injury occurred over navigable waters, and (2) the activity proximately causing the injury was substantially related to traditional maritime activity. *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1186 (5th Cir. 1984); *Davis v. Players Lake Charles Riverboat, Inc.*, 74 F. Supp. 2d 675, 676 (W.D. La. 1999).

Granite does not dispute that Weiss was injured over navigable waters, but does argue that the injury-causing activity was not substantially related to traditional maritime activity. In determining whether a "significant relationship" to traditional maritime activity existed, the Fifth Circuit employs a four factor test: (1) the functions and roles of the parties; (2) the types of

vehicles and instrumentalities involved; (3) the causation and type of injury; and (4) traditional concepts of the role of admiralty law. *Gaspard*, 13 F.3d at 167.

In the Court's opinion, the injury-causing activity in this case was not substantially related to traditional maritime activity. Plaintiffs' claims do not raise issues of navigation or other more traditional maritime activities. *See Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 270 (1972). The relevant activity in this case involved construction services, typically land-based activity. Similarly, Plaintiffs do not show injury to a seaman, *see Scarborough v. Clemco Indus.*, 391 F.3d 660, 665 (5th Cir. 2004), nor do they show a violation of a duty to provide a safe workplace aboard a vessel, *see Strong v. B.P. Expl. & Prod., Inc.,* 440 F.3d 665, 669-70 (5th Cir. 2006). Instead, Plaintiffs' claims raise questions traditionally governed by state tort law, as they involve personal injury allegedly caused by negligent operation of a crane not occurring on a vessel in navigable waters. *Holifield v. Great Lakes Dredge & Dock Co.*, 53 F.3d 1280, *5 (5th Cir. 1995). The resolution of those claims does not require "the expertise of an admiralty court as to navigation or water-based commerce." *Woessner v. Johns-Manville Sales Corp.*, 757 F.2d 634, 649 (5th Cir. 1985). Therefore, Granite's activity of bridge construction cannot be said to be "so substantially related to activity traditionally subject to admiralty law" that imposing admiralty jurisdiction would be warranted. *In re Katrina Canal Breaches Litig.*, 324 Fed. Appx. 370, 380 (5th Cir. 2009) (quoting *Strong,* 440 F.3d at 669). Plaintiffs have not shown that maritime jurisdiction exists in this case. Accordingly, the § 905(b) claims will be dismissed for lack of subject matter jurisdiction.

<u>The Contractor's Defense</u>:

To the extent that the Plaintiffs invoked the Court's diversity jurisdiction and alleged state

law tort claims of negligence and loss of consortium against Granite, Granite argues that they are entitled to assert Mississippi's "exclusivity defense," which is,

> the rule that employees of subcontractors are deemed to be statutory employees of the general contractor for purposes of the workers' compensation laws and that, so long as coverage is provided either by the subcontractor or the contractor, recovery under workers' compensation is the injured worker's sole remedy. MISS. CODE ANN. § 71-3-7 (Rev. 2000); *Richmond v. Benchmark Constr. Corp.,* 692 So.2d 60, 63 (Miss.1997).

*Bevis v. Linkous Const. Co., Inc.*, 856 So.2d 535, 541 (Miss. App. 2003). Therefore, where "a contractor-subcontractor relationship exists, the employee of a subcontractor covered by workers' compensation insurance is prohibited from making a common law claim for negligence or gross negligence against the contractor." *Richmond*, 692 So.2d at 63. The parties do not discuss which state's workers' compensation laws should apply, but as Virginia law contains a similar exclusivity provision, *see Clean Sweep Prof. Parking Lot Maint. v. Talley*, 591 S.E.2d 79, 82-83 (Va. 2004), it is not necessary to engage in a choice-of-law analysis.

The Plaintiffs argue that the Mississippi Workers' Compensation Act does not apply when a worker is covered under the LHWCA, as they contend Weiss was, and because there has been no finding regarding Weiss's LHWCA status, the issue cannot be resolved at this time.

The Court has resolved the question of Weiss's LHWCA status in the context of his claims against a nonvessel third party, but whether he is entitled to benefits under the Act is not a question before the Court. Granite has submitted evidence that Weiss received state workers' compensation benefits from his employer, and also points to the lack of evidence that Weiss has applied for or received LHWCA benefits. Nevertheless, Weiss is not necessarily precluded from obtaining LHWCA benefits even though he has received state workers compensation benefits. "[W]hen workers 'commence their actions under state law they will generally be able to make up

the difference between state and federal benefits by seeking relief under the Longshoreman's Act, if the latter applies.'" *Landry v. Carlson Mooring Serv.*, 643 F.2d 1080, 1088 (5th Cir. 1981) (quoting *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 723 (1980)). However, Weiss will "be required to credit his [state] award against any recovery he may attain under the LHWCA," because "concurrent applicability . . . does not sanction double recovery." *Landry*, 643 F.2d at 1088.

From these precedents, the Court concludes that the possibility Weiss may obtain LHWCA benefits in the future does not affect his state workers' compensation award. Any LHWCA award would only fill the gap between the state and federal level of benefits. Therefore, Weiss's workers' compensation award would not be transformed into an LHWCA award, but would remain intact and subject to the exclusivity provision of the Mississippi or Virginia workers' compensation statute. Accordingly, Granite, as the contractors, are entitled to judgment as a matter of law in regard to the Plaintiffs' state law tort claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons set out above, the Motion for Summary Judgment [83] filed by Defendants Granite Construction Company, Archer-Western Contractors, Ltd. and Granite-Archer Western, a Joint Venture, is **GRANTED**. Plaintiffs' claims against these Defendants are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 14th day of October 2009.

s/*Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge